time of exportation to the United States of the Christmas trees in question, proof of the prices at which such or similar merchandise is *freely* offered for sale to *all* purchasers in the *principal markets* of Canada, in the *usual wholesale quantities*, and in the *ordinary* course of trade, is entirely lacking. Indeed, the greater portion of the evidence produced by the Government has reference to the cost of the standing trees, the cost of materials and manipulation, and other costs and charges incident to conditioning the trees preparatory for shipment at the railroad sidings nearest the points of production, from which the values sought to be established are figured. We are not concerned here with evidence of cost of production because, before resorting to such basis of value, it must first be proven that there is no foreign or export value applicable to the merchandise and also that the United States value cannot be satisfactorily ascertained. The appraiser has found a dutiable value for the merchandise, and, so far as we have been able to determine from the evidence, nothing has been presented sufficient to overcome the presumption of correctness of that value.

From a consideration of the record, we find the following facts:

1. That the merchandise here consists of Christmas trees imported from the provinces of New Brunswick and Nova Scotia, Canada;

2. That there is no foreign value for the merchandise as that value is defined in section 402 (c) of the Tariff Act of 1930;

3. That there is no export value for the merchandise as that value is defined in section 402 (d);

4. That the appellant has failed to sustain the burden of proving that there was a foreign or export value for the merchandise.

5. That the dutiable value of the merchandise is that found by the appraiser, such value being presumptively correct.

We conclude as matter of law that the dutiable values of the merchandise herein are as set out in paragraph 5 of our findings of fact. The judgment of the trial court is therefore affirmed, and judgment will be rendered accordingly.

AMERICAN EXPRESS CO. (AGFA ANSCO CORP.) *v.* UNITED STATES

No. 4370.—Invoices dated Berlin, Germany, June 8, 1934.
Certified June 8, 13, 1934.

Entered at New York June 27, 1934.
Entry No. 839468.

*Pickrell & McDonald* for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

ORDER

Upon consideration of the motion of Pickrell & McDonald, and the accompanying affidavit of Eugene R. Pickrell, and believing that it would be in the interests of justice to amend the decision and judgment of this court dated March 21, 1938, Reap. Dec. 4262, in the cases of *General Dyestuff Corporation et al.* v. *United States,* reappraisement 106637–A, etc., "*Coal-tar colors and coal-tar intermediates,*" it is hereby—

ORDERED, ADJUDGED AND DECREED that the decision and judgment in the above-entitled cases be and the same are hereby amended so as to include and to hold that the proper United States value of "Dyestuff 1555 red yellow" covered by the above reappraisement is $5.596 per gram.

Dated: *New York, N. Y., August 2, 1938.*

GEO. STEWART BROWN,
*Judge.*

AMERICAN EXPRESS CO. (AGFA ANSCO CORP.) v. UNITED STATES

No. 4371.—Invoice dated Berlin, Germany, November 11, 1934. Certified November 13, 1934.

Entered at New York December 1, 1934. Entry No. 757783.

*Pickrell & McDonald* for the plaintiff.

*Webster J. Oliver,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

ORDER

Upon consideration of the Motion of Pickrell & McDonald, and the accompanying affidavit of Eugene R. Pickrell, and believing that it would be in the interests of justice to amend the decision and judgment of this court dated March 21, 1938, Reap. Dec. 4262 in the, cases of *General Dyestuff Corporation et al* v. *United States,* reappraisement 106637–A, etc., "*Coal-tar colors and coal-tar intermediates,*" it is hereby—

ORDERED, ADJUDGED AND DECREED that the decision and judgment in the above entitled cases be and the same are hereby amended so as to include and to hold that the proper United States value of "dyestuff 3658 P blue red" covered by the above reappraisement is $5.596 per gram.

Dated: *New York, N. Y., August 2, 1938.*

GEO. STEWART BROWN,
*Judge.*